

FILED
2013 Aug-15  AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| JOHNNY BURNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | |
| WALKER COUNTY COMMISSION; ) | |
| WALKER COUNTY EMERGENCY ) | |
| MANAGEMENT AGENCY; ) | |
| BILLY LUSTER, in his individual and ) | |
| official capacity as Chairman of the ) | |
| Commission of Walker County, ) | |
| KEITH DAVIS, in his individual and ) | |
| official capacity as Commissioner ) | |
| of Walker County, DAN WRIGHT, ) | |
| in his individual and official capacity ) | |
| as Commissioner of Walker County, ) | |
| BOBBY NUNNELLEY, in his individual ) | |
| and official capacity as Commissioner ) | |
| of Walker County; and ) | |
| STEVEN ADERHOLT in his individual ) | |
| and official capacity as Commissioner ) | |
| of Walker County, ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

## I.    INTRODUCTION

1.  Plaintiff brings this action on behalf of himself pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), to recover unpaid wages, including overtime and accrued compensatory time, for work he has performed on behalf of Defendant Walker County

Commission, Walker County Emergency Management Agency, and the Walker County Commissioners.

2. Plaintiff was an hourly, non-exempt employee. As a non-exempt employee, Plaintiff was entitled to overtime pay and compensatory time and pay under the FLSA. Plaintiff alleges that Defendants have willfully engaged in a pattern and practice of unlawful conduct by failing to compensate Plaintiff for all of the time Defendants required or permitted Plaintiff to work.

3. Plaintiff files this lawsuit pursuant to 29 U.S.C §206, §207(a), §207(o), and §216(b).

## II. JURISDICTION AND VENUE

4. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1337. Defendants have been regularly engaged in interstate commerce in this District and has been an employer within the meaning of the FLSA, 29 U.S.C. §§206-207 at all times relevant to this Complaint.

5. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) because Defendants' principal place of business is located in this judicial district.

## III. PARTIES

6. Plaintiff, Johnny Burnett, was employed by Defendants as the Director of Emergency Management from 1995 to June 2013, and as Assistant Director from 1990 to 1995. Plaintiff is a resident of Walker County,

Alabama. At all relevant times, Plaintiff was an employee of Defendants within the meaning of the FLSA.

7. Defendant, Walker County Commission, is a state agency and Plaintiff's employer.

8. Defendant, Walker County Emergency Management Agency, is a state agency and Plaintiff's employer.

9. Defendant, Billy Luster, is sued in his official capacity as Chairman of the Walker County Commission and in his individual capacity.

10. Defendant, Keith Davis, is sued in his official capacity as a Walker County Commissioner and in his individual capacity.

11. Defendant, Dan Wright, is sued in his official capacity as a Walker County Commissioner and in his individual capacity.

12. Defendant, Bobby Nunnelley, is sued in his official capacity as a Walker County Commissioner and in his individual capacity.

13. Defendant, Steven Aderholt, is sued in his official capacity as a Walker County Commissioner and in his individual capacity.

### IV. CAUSE OF ACTION

14. Plaintiff was employed as the Director of Emergency Management Agency for Walker County, Alabama from 1995 to June 2013. Plaintiff, therefore, was an employee of a political subdivision of the State of Alabama.

15. As Director of Emergency Management Agency, Plaintiff was engaged

       in emergency response activities.

16. During his employment, Plaintiff was classified as a non-exempt, hourly employee and was entitled to overtime compensation for all hours worked in a given week over 40.

17. During the relevant time of this case, Plaintiff worked in excess of 40 hours a week.

18. Pursuant to 29 U.S.C. §207(a), Plaintiff was entitled to overtime compensation for work over 40 hours a week at a rate not less than one and one-half hours times his regular rate.

19. Pursuant to 29 U.S.C. §207(o), in lieu of overtime compensation, Plaintiff was entitled to compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required.

20. Defendants authorized Plaintiffs to receive and accrue compensatory time as provided by statute.

21. Plaintiff's employment ended in June 2013. Pursuant to 29 U.S.C. §207(o)(4), upon termination of employment, Plaintiff was entitled to be paid for the unused compensatory time.

22. Defendants have refused to pay Plaintiff for the unused compensatory time and has refused to compensate him for all hours worked.

23. Defendants are aware of the FLSA and its requirements of overtime pay and are aware of the authorization which provided Plaintiff with

compensatory time in lieu of overtime up to the limits provided by statute.

24. In addition, Plaintiff has not been paid overtime for all hours in excess of 40 per week in which he worked particularly during weeks when Plaintiff had accrued the maximum number of compensatory hours allowed by § 207 (0)(3) and still worked in excess of 40 hours during those weeks.

25. Defendants refuse to appropriately compensate Plaintiff for the time he has worked for Defendants and for the compensatory time he accrued. All hours Plaintiff worked were required for the benefit of Defendants and Defendants were aware that Plaintiff regularly worked over 40 hours per week per week.

26. For at least the last three (3) years, Defendants have willfully violated the FLSA by refusing to pay Plaintiff overtime for all hours worked in excess of 40.

27. For at least the last three (3) years, Defendants have willfully violated the FLSA by refusing to pay Plaintiff overtime for all hours worked in excess of the compensatory time limitations.

28. Defendants have willfully violated the FLSA by refusing to pay Plaintiff for his accrued compensatory time.

29. The conduct of Defendants, has been willful, in bad faith, and has caused significant damages to Plaintiff.

30. At all times relevant to this action, Defendant was the "employer" of Plaintiff as defined by §203(d) of the FLSA.

31. At all times material to this action, Plaintiff was an "employee" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

32. Defendants' practices are in direct violation of the FLSA, 29 U.S.C. § 201 *et seq*.

33. Plaintiff seeks injunctive and declaratory relief, compensation for all uncompensated hours required, performed or permitted by Defendants, liquidated and/or other damages as permitted by applicable law, and attorneys' fees and costs.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff, prays for judgment against Defendants as follows:

A. Awarding injunctive and declaratory relief;

B. Awarding damages, including appropriate compensation for all work performed, as well as awarding damages for failing to pay overtime or pay the accrued compensatory time. Plaintiff seeks compensation for work performed, as well as interest, and liquidated or exemplary damages, in amounts to be proven at trial;

C. Awarding all costs of litigation, including attorneys' fees and expenses;

D. Awarding such other legal and equitable relief as the Court deems

proper.

## JURY DEMAND

## THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

Respectfully submitted,

/s/Rocco Calamusa, Jr.
Rocco Calamusa, Jr.
Counsel for the Plaintiff

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500
(205) 254-1500 (Facsimile)

**PLAINTIFF REQUESTS THAT EACH DEFENDANT BE SERVED BY FIRST CLASS U.S. CERTIFIED MAIL.**

/s/Rocco Calamusa, Jr.
Rocco Calamusa, Jr.
Counsel for the Plaintiff

**Defendant's Addresses:**
Walker County Commission
P.O. Box 1447
Jasper, AL 35502

Walker County Emergency Management Agency
16781 Highway 69 South
Jasper, AL 35501

Billy Luster, Chairman
Walker County Commission
P.O. Box 1447
Jasper, AL 35502

Keith Davis, Commissioner
Walker County Commission
P.O. Box 1447
Jasper, AL 35502

Dan Wright, Commissioner
Walker County Commission
P.O. Box 1447
Jasper, AL 35502

Bobby Nunnelley, Commissioner
Walker County Commission
P.O. Box 1447
Jasper, AL 35502

Steven Aderholt, Commissioner
Walker County Commission
P.O. Box 1447
Jasper, AL 35502